UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER POWELL,

                        Plaintiff,              10-CV-6475T

            v.                                  **DECISION**
                                                **and ORDER**
JOHN E. POTTER, Postmaster General,
United States Postal Service

                        Defendant.
_____

## INTRODUCTION

        Plaintiff Christopher Powell ("Powell") brings this action against defendant John E. Potter, Postmaster General of the United States Postal Service ("Postal Service"), claiming that his rights were violated when an attorney representing the Postal Service allegedly gained unauthorized access to his medical files. Specifically, plaintiff claims that an attorney for the Postal Service obtained and disseminated his confidential medical records without his authorization in connection with a discrimination complaint filed against the Postal Service by the plaintiff. Powell contends that the unauthorized disclosure of medical records constitutes a violation of his rights under the Privacy Act, codified at 5 U.S.C. § 552(a).  Plaintiff further alleges that the unauthorized disclosure of his medical records was intentional retaliation for his having complained of employment discrimination, in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et. seq.,

and the Rehabilitation Act of 1973, codified at 29 U.S.C. § 701 et. seq.

Defendant moves for summary judgment alleging that plaintiff's claims are time barred. Specifically, defendant contends that plaintiff's Privacy Act claim is barred by the two-year statute of limitations applicable to such claims. With respect to plaintiff's Title VII and Rehabilitation Act claims, defendant contends that because plaintiff failed to seek counseling within 45 days of the accrual of the claims, he has failed to comply with the administrative requirements of those acts, and is therefore barred from bringing such claims. Defendant also contends that to the extent plaintiff is alleging any other violation of Title VII, plaintiff has failed to bring such a claim within 90 days of the final administrative adjudication of that claim, and therefore, is barred from bringing any such claim in federal court.

Plaintiff opposes the defendant's motion and contends that his claims are not time barred. Plaintiff also alleges that the instant motion is premature, as the parties have not yet engaged in discovery. Plaintiff alleges that discovery on the limitations issue is necessary, and therefore contends that defendant's motion must be denied.

For the reasons set forth below, I grant defendant's motion for summary judgment, and dismiss plaintiff's claims with prejudice.

**BACKGROUND**

The following facts are derived from the plaintiff's Complaint and the defendant's statement of undisputed facts.  Plaintiff John Powell began working for the U.S. Postal Service in 1993.  In November, 2005, Powell filed an administrative complaint of discrimination against the Postal Service claiming that he was being sexually harassed by a female supervisor.  In his administrative complaint, Powell claimed that he experienced "pain and suffering and mental anguish" as a result of the alleged discrimination.  Thereafter, Joseph Sassi ("Sassi"), an attorney for the Postal Service who was assigned to defend the service, sought plaintiff's medical records for the purpose of investigating plaintiff's allegations of pain, suffering, and mental anguish.  Although Sassi allegedly on numerous occasions requested that Powell furnish authorization to obtain his medical records, Powell allegedly never provided such authorization.

In May, 2006, Sassi requested plaintiff's medical file from Powell's Postal Service worksite.  According to the Complaint, the records were provided to Sassi at that time despite plaintiff's failure to authorize release of the medical records.  Because Plaintiff had not authorized the disclosure of his medical file, he claims that the defendant violated his rights under the Privacy Act.  Powell also claims that the disclosure of his medical records

constituted unlawful retaliation by the Postal Service due to his having previously complained of racial and gender discrimination.

### DISCUSSION

I.   <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.   <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.   <u>Scott</u>, 550 U.S. at 380 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986)).

II.  <u>Privacy Act Claims</u>

The Privacy Act provides in relevant part that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains....

5 U.S.C. § 552a(b).  A cause of action under the Privacy Act must be brought within two years of the time that plaintiff "knew or should have known of the initial Privacy Act violation." Baker v. U.S., 943 F.Supp. 270, 273 (W.D.N.Y., 1996); 5 U.S.C. § 552(a)(g)(5).

In the instant case, plaintiff claims that at the latest, he knew of the alleged Privacy Act violation on August 6, 2008.[1] Powell, however, did not file the instant action until August 20, 2010, more than two years after he allegedly learned of the possible Privacy Act violation.  Because Powell failed to bring his Privacy Act claim within the two-year period prescribed by the Privacy Act, I find that his claim is time-barred, and I grant defendant's motion for summary judgment with respect to this claim.

III. Rehabilitation Act Claims

The Rehabilitation Act of 1973 provides in relevant part that "no otherwise qualified individual in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . by the United States Postal Service.  29 U.S.C.A. § 794.  Although the statute does not specifically recognize retaliation against a person for engaging in a protected

---

[1] For reasons set forth below, I find that defendant has established, through plaintiff's correspondence, that Powell was aware of the alleged unauthorized disclosure of his medical records in August, 2006.  For purposes of plaintiff's Privacy Act claims, however, the court will consider the latest possible date of knowledge alleged by Powell, August 6, 2008.

activity as a prohibited act, the Department of Labor has promulgated a regulation recognizing retaliation as a prohibited activity, and the Second Circuit Court of Appeals has recognized the same. See 29 C.F.R. § 1614.101(b); Sands v. Runyon, 28 F.3d 1323, 1331 n.1 (2nd Cir. 1994) (Sands I).

In this case, plaintiff alleges that the defendant retaliated against him for making claims of discrimination by disclosing his medical records without his authorization. However, because Powell has not administratively exhausted this claim in a timely manner, his Rehabilitation Act claim is time-barred.

Pursuant to regulations applicable to Rehabilitation Act claims, an employee claiming a violation of the Act must, within 45 days of the allegedly discriminatory or retaliatory conduct, seek counseling with the Equal Employment Opportunity Commission. See 29 C.F.R. § 1614.105(a)(1). Failure to seek such counseling, absent equitable tolling, renders the claim time-barred. Chmiel v. Potter,, 2010 WL 5904384, *7 (W.D.N.Y., Dec. 07, 2010)(Schroeder, M.J.).

In this case, plaintiff raised the issue of the alleged unauthorized disclosure of his medical records in two separate administrative complaints: one filed on August 16, 2008, and the other filed February 7, 2009. However, because I find that Powell discovered the allegedly unauthorized disclosure of his records on or before August 4, 2006, I find that his administrative

complaints, both of which were filed more than two years after he discovered the disclosure, are untimely. Accordingly, I find that plaintiff has failed to timely exhaust his Rehabilitation Act claim.

Although Powell alleges in his Complaint that he did not learn that his medical records were disclosed without his authorization until August, 2008, the facts alleged in the Complaint, along with unrebutted facts submitted by the defendant on this motion, establish that plaintiff was aware of the disclosure of his records in August 2006. As stated in the Complaint, Powell alleges that in August, 2006, he was called to the Nurse's office at his place of employment, where he saw his medical records sitting on the desk, and was shown a written request for medical records made by Joseph Sassi dated May of 2006. At that time, Powell indicated that he had not authorized disclosure of his medical records. Accordingly, based on the facts alleged in the Complaint, Powell was aware in August, 2006, that Sassi had requested his medical records in May, 2006, and was aware that he had not authorized disclosure of his records.

Although the Complaint does not allege that Powell learned in August, 2006, that his records had actually been sent to Sassi pursuant to Sassi's May, 2006 request, correspondence from Powell to Sassi dated August 4, 2006 confirms that Powell did in fact know that his medical records had been sent to Sassi without Powell's

authorization.  Specifically, Powell sent a handwritten letter to Sassi stating: "you are in possession of my medical files since May 9, 2006".  See Exhibit D to the August 1, 2011 Declaration of Joseph Sassi.  Accordingly it is clear that on August 4, 2006, plaintiff was aware that his medical records had been disclosed to Sassi without his authorization,.  Because Powell knew of the alleged unauthorized disclosure of his medical records in August, 2006, but did not file an administrative complaint regarding that act until August, 2008, his claims are barred by the 45 day period for seeking counseling regarding alleged Rehabilitation Act violations.

In opposition to defendant's motion, plaintiff claims that because no discovery has taken place in this case, he is unable to effectively respond to the defendant's motion, and that discovery is necessary to clarify the limitations issues.  I find, however, that plaintiff has not demonstrated that discovery would alter this court's finding that plaintiff failed to seek counseling within 45 days of his learning that his medical records had allegedly been disclosed without his authorization.  Plaintiff has submitted no admissible evidence countering his August 4, 2006 letter in which he acknowledges in writing that he knew that his medical records had been sent to Sassi.  Nor has he submitted any evidence to suggest that the 45 day period could be tolled for an additional year and 10 months to render his August 2008 administrative

complaint timely.   I therefore deny plaintiff's request for additional discovery.

    IV.   <u>Title VII Claims</u>

    Just as the Rehabilitation Act requires that a person seeking redress under the statute seek counseling within 45 days of the date on which the allegedly discriminatory conduct occurred, so too Title VII requires that a federal employee alleging discrimination must seek counseling within 45 days of allegedly discriminatory or retaliatory conduct.   <u>See</u> 29 C.F.R. § 1614.105.   Because plaintiff filed his administrative complaint alleging that the disclosure of his medical records constituted retaliation in violation of Title VII in August, 2008, more than two years after learning of the alleged unauthorized disclosure, I find that he has failed to timely exhaust this claim.   To the extent plaintiff's Complaint could be construed as alleging other acts of retaliation, such as being falsely accused of having unexcused absences, being stared at in an "intimidating" manner, or being fired, plaintiff failed to appeal the administrative dismissal of those claims, and failed to file the instant action within 90 days after his administrative charge of discrimination was dismissed.[2]   <u>See</u> 42 U.S.C. § 2000e-16(c)(providing that employee challenging administrative dismissal of a discrimination claim must file federal Complaint within 90

---

[2] Plaintiff's administrative complaint of discrimination was denied on February 1, 2010. The instant Complaint, however, was not filed until August 9, 2010, 189 days after plaintiff's administrative claims of discrimination were dismissed.

days of the final administrative action).  Accordingly, I find that
plaintiff's Title VII retaliation claims are time barred.

## **CONCLUSION**

For the reasons set forth above, I grant defendant's motion
for summary judgment in its entirety, and dismiss plaintiff's
claims with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

              s/ Michael A. Telesca
                MICHAEL A. TELESCA
              United States District Judge

Dated:     Rochester, New York
           April 6, 2012